HEARD NOV. TERM, 1871.

## BYRD *vs.* CHARLES.

In an action by A against B, a debt due to B by a partnership, of which A was a member, cannot be sustained as a counter claim, and the objection may be taken at the trial, though there was no demurrer to the counter claim as pleaded.

BEFORE RUTLAND, J., AT DARLINGTON, MAY TERM, 1871.

Action by Evander Byrd, plaintiff, against William E. Charles, defendant.

The complaint alleged that on or about the 1st day of January, 1870, the plaintiff borrowed from defendant $250, for which he gave his note, and also delivered to defendant, as collateral security, a certain other note made by Wm. J. Byrd, James P. Wilson and A. C. Byrd, payable to plaintiff, for $480; that on March 11th, 1870, plaintiff made a payment on his note of $65, and that defendant afterwards collected the note of Wm. J. Byrd and others, which satisfied plaintiff's note to defendant, leaving a balance in his hands of $437.62. The action was brought to recover this balance, with interest, and to compel defendant to surrender the note for $250.

The defendant, in his answer, denied that he had collected the note of Wm. J. Byrd and others, and stated that he had been compelled to transfer the same at a discount, and that the sum realized by the transfer, after satisfying plaintiff's note to defendant, left a balance in his hands of only $338.18. Defendant then pleaded a counter claim as follows:

"And in counter claim to plaintiff's demand, defendant says that he is justly entitled to retain said balance, for, that on the — day of June, A. D. 1870, plaintiff was a member of a certain mercantile firm, doing business in said County under the name and style of DeLorme & Byrd, and composed solely of plaintiff and one Charles H. DeLorme; that on said last mentioned day the aforesaid firm being indebted to the defendant in the sum of $465.44, balance on mutual account, gave out and represented themselves, as well as each of the members thereof, as insolvent and unable to pay but 25 per cent. of their liabilities. That defendant was thereby induced to take that portion in full satisfaction of his claim against them, and gave his receipt as such.

"But this defendant alleges that in so far as relative to the insolvency of plaintiff, these reports were false, and fraudulently concocted by this plaintiff, in order to deceive and defraud this defend-

ant and other creditors of their just demands, and induce them thereby to compromise the same. This defendant alleges that plaintiff is, and has heretofore been, and was at the time last aforesaid, amply responsible for, and able to pay all debts of the said firm, and of his own individually. Defendant alleges that said firm is now dissolved, and without assets, and that Charles H. DeLorme is insolvent, and cannot be made responsible for any portion of this claim by action.

" Wherefore defendant prays that the same may be adjudged an offset or counter claim against plaintiff's demand, that his, defendant's receipt, in satisfaction thereof, may be adjudged void and inoperative, for fraud and imposition, and that judgment be granted this defendant for the balance, to wit : Ten dollars and ninety cents."

To that part of the answer containing the counter claim, the plaintiff replied as follows :

" 1. He denies, indignantly, the fraud, deceit and misrepresentation charged. The defendant made the compromise he complains of with his eyes open, and with a full knowledge of the facts of the case, as asked for or desired, and the plaintiff insists that he is bound by the compromise, and from its date has had no claim against the firm of DeLorme & Byrd.

" 2. The plaintiff insists, that even were the firm of DeLorme & Byrd still indebted to the defendant, such indebtedness would not be discountable against the individual claim of the plaintiff."

At the trial, plaintiff objected to evidence offered by defendant, for the purpose of establishing his counter claim, on the ground that, being a partnership debt, it was not admissible as set-off in an action by the plaintiff individually. His Honor sustained the objection, and a verdict was rendered for plaintiff for the full amount of his claim.

Defendant appealed on the following grounds :

1. His Honor erred in refusing to allow defendant to prove his counter claim, because plaintiff should have demurred to the answer if he desired to avail himself of the objection that the counter claim then set up was not a proper offset, and thereby made an issue of law. But having elected to make an issue of fact by his reply he could not at the trial object to the trial of that issue.

2. His Honor erred in ruling that the counter claim, pleaded in defendant's answer, was not an offset to plaintiff's suit, since said counter claim was an existing available cause of action at the com-

mencement of plaintiff's suit against plaintiff only, the firm to which he had belonged being dissolved, and without assets, and the only other partner utterly insolvent.

*Charles,* for appellant:

1. When it appears on the face of a pleading that there is a defect of parties, demurrer is the only manner of making the objection, and a failure to demur is a waiver of the objection.—Code, §§ 166 to 171 inclusive, §§ 176, 271, 274; *Gasset* vs. *Croker,* 10 Abb. (N. Y.) Rep., 133; *Gilbert* vs. *Covell,* 16 How., (N. Y.,) 34; Code, § 159, subdiv. 4; *Exum* vs. *Davis,* 10 Rich., 357.

2. Although it is, as a general rule, the privilege of joint contractors, to compel a joinder in actions against them, yet when the gravamen of the action is the fraud of only one, which enures to his sole and separate benefit, the action is against such one alone. For there can be no contribution in fraud. For a like reason, an insolvent will be dispensed with.—*Petrie* vs. *Lamont,* 41 Eng. C. L. R., 57; 3 Step. *Nisi Prius,* 2420; *Kilby* vs. *Wilson,* 21 Eng. C. L. R., 726; *White* vs. *Smith,* 12 Rich., 595; *Hammer* vs. *Barnes,* 26 How., (N. Y.,) 174; Adams' Eq., 319, 268; *Cockburn* vs. *Thompson,* 16 Ves., 326; 1 Chit. Pl., 43; Story Eq. Pl., § 169; 1 Story Eq., § 676.

3. The cause of action, as set forth in defendant's answer, is properly pleaded as a counter claim to plaintiff's suit, since both arise on contract, and a several judgment might be had between defendant and plaintiff. It is, furthermore, such as has been heretofore denominated an equitable set-off.—Code, § 173; 1 Chit. Pl., 137, 582; *Boarman* vs. *Brown,* 43 Eng. C. L. R., 850; Adams' Eq., 223; 2 Story Eq., §§ 1437 and 1444; Biles on Bills, 295, 290, 287; *Ex parte Stephens,* 11 Ves., 24; *Ex parte Hanson,* 12 Ves., 346; *Falconer* vs. *Powe,* Bail. Eq., 156; *Schubart* vs. *Harteau,* 34 Barb. (N. Y.) Rep., 447; *Beers* vs. *Hearsey,* 1 Bail., 168.

*McIver,* contra:

1st. A demurrer was not necessary or proper; it was not a mere objection for defect of parties, but the defect complained of was incurable, and no form of pleading will waive the right to take advantage of such a defect.—Code, § 167; Voorhees' Code, 10th Edit., 1870—Notes c and d, 210.

2d. The counter claim set up in defendant's answer cannot be set up against the plaintiff's claim, because it is a claim against a partnership, one of the members of which is not before the Court, and

such a claim, even if valid, is not discountable against the individual claim of the plaintiff.—Voorhees' Code, 226, note c; 1 Tif. & Smith, N. Y. Pr., 381; Act of 1759, (No. 877, old series,) 4 Stat., 76; *Powrie & Dawson* vs. *Fletcher & Phillips*, 2 Bay, 146; *Lovell & Paine*, vs. *Whitridge*, 1 McC., 7; *Beckham & Eccles*, vs. *Peay*, 2 Bail., 133; *Kennedy* vs. *Cunningham & Childs*, Chev., 50.

In this connection the following cases were commented on:

*McElhenny* vs. *Stroup*, Rice, 291; *Saluda Manufac. Co.* vs. *Pennington*, 2 Sp., 735; *Wilson* vs. *Dargan*, 4 Rich., 544.

April 23, 1872. The opinion of the Court was delivered by

WRIGHT, A. J. On or about the first day of January, A. D. 1870, plaintiff borrowed from the defendant the sum of two hundred and fifty dollars, and, to secure the payment thereof, made and delivered to the defendant, as collateral security for the payment of said note, a certain other note, made by W. J. Byrd, James P. Wilson and A. C. Byrd, payable to the plaintiff, bearing date the sixth day of November, 1865, for four hundred and eighty dollars. On the eleventh day of March, 1870, plaintiff made a payment of sixty-five dollars on the note that was given for the two hundred and fifty dollars borrowed of the defendant. The defendant disposed of the note placed in his hands by the plaintiff as collateral security for the payment of the note given for the money borrowed.

This action was brought for the purpose of causing the defendant to surrender to the plaintiff the note which was given for the borrowed money, and to pay over to plaintiff a certain amount of money alleged to be in the hands of the defendant from the disposition of the note placed in his hands as collateral security.

At the trial the defendant offered to prove a certain claim, which was objected to by the plaintiff, on the ground that, even if valid, it was a debt due by the partnership firm to which plaintiff had once belonged, and could not be set off against a debt due the plaintiff individually, unless there had been an agreement to that effect between the parties.

This objection the Court sustained, and defendant excepted and made such ruling by the Court the grounds of appeal. It is clear, when it appears upon the face of the complaint that there is a defect of parties, that the objection is to be taken by demurrer.

The objection here was not for a defect of parties. It arose from the nature of the discount which was disclosed by the answer, as against the demand presented by the complaint.

That was the individual debt of the appellant, and he proposed, by his answer, to set off a supposed claim against the plaintiff and one DeLorme, who had, before that time, been copartners in merchandizing. It is not easy to perceive what form of pleading would amount to the waiver of the right to take advantage of the objection.

The claim, if valid, is not discountable against the demand of the plaintiff. It is against a copartnership, of which the appellant was one of the members, and in an action seeking the enforcement of an individual right, cannot be permitted as a discount.

*Lowell & Paine* vs. *Whitridge*, 1 McC., 7 ; *Beckham & Erles* vs. *Peay*, 2 Bail., 183 ; *Kennedy* vs. *Cunningham & Childs*, Chev., 50.

The motion for a new trial is dismissed.

*Moses*, C. J., and *Willard*, A. J., concurred.